Barrett S. Litt, SBN 45527
E-mail: blitt@kmbllaw.com
David S. McLane, SBN 124952
E-mail: dmclane@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT, LLP
234 East Colorado Boulevard, Suite 230
Pasadena, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Jonathan H. Feinberg (admitted *pro hac vice*)
E-mail: jfeinberg@krlawphila.com
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
718 Arch Street, Suite 501 South
Philadelphia, Pennsylvania 19106
Telephone: (215) 925-4400
Facsimile: (215) 925-5365

*Attorneys for Plaintiffs*

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEITH M. STAUB (CA Bar No. 137909)
GARRETT COYLE
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7423/6167
    Facsimile: (213) 894-7819
    E-mail: keith.staub@usdoj.gov
           garrett.coyle@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Davis Bennett,**<br><br>                        Plaintiff,<br><br>            – v. –<br><br>**Jaspal Dhaliwal, MD; Richard Gross, MD; Annabel Rivera, MLP; Vincente Tejada, MLP; E. Casino, MLP; Marsha Pinnell, RN;** and **Does 1–10,**<br><br>                        Defendants. | No. 14-cv-4697 RGK (Ex)<br><br>[~~Proposed~~] **Protective Order**<br><br>Discovery Matter<br><br>Honorable Charles F. Eick<br>United States Magistrate Judge |

| | |
|---|---|
| **James Davis Bennett** and **Pamela Bennett**,<br><br>Plaintiffs,<br><br>— v. —<br><br>**United States of America**,<br><br>Defendant. | No. 15-cv-1923 RGK (Ex)<br><br>Honorable Charles F. Eick<br>United States Magistrate Judge |

The Court, having read and considered the parties' joint stipulation for protective order, and for the reasons stated in the joint stipulation and for good cause shown,

**It is hereby ordered** that the defendants are permitted to produce: (1) the individual defendants' personal income tax returns; (2) information about the individual defendants' income and assets; (3) Federal Bureau of Prisons reviews of the individual defendants' job performance; and (4) Federal Bureau of Prisons logs of telephone calls made by plaintiff James Davis Bennett while incarcerated in federal prison (hereinafter referred to as Protected Material).

Protected Material will be redacted before disclosure to remove nonparties' personal identifiers such as social security numbers, birth dates, FBI numbers, financial account numbers, and home addresses.

The parties and their counsel shall use Protected Material for purposes of these cases only, and not for any other purpose.

Protected Material shall be disclosed only to:

    a.    Counsel of record for the parties in these cases; and

    b.    The plaintiffs, provided that they execute and file with the Court the attached agreement to be bound by protective order in the form attached hereto as Exhibit A.

No party shall file documents, pleadings, transcripts, or other materials in these cases containing or disclosing Protected Material without seeking Court approval to file the Protected Material under seal under Local Rule 79-5.1.

At the end of these cases, including any appeal, all originals and duplicates (as defined by Federal Rule of Evidence 1001) of Protected Material shall be returned to the defendants by plaintiffs' counsel within 30 days of the termination of the cases. This shall not include documents filed with the Court or documents containing plaintiffs' counsel's notations, which plaintiffs' counsel shall destroy within 30 days of the termination of the cases.

At the end of these cases, including any appeal, plaintiffs' counsel shall certify to this Court that they have irretrievably destroyed all originals and duplicates (as defined by Federal Rule of Evidence 1001) of Protected Material.

This stipulated protective order is not intended to compromise the rights of any party to object to discovery under the Federal Rules of Civil Procedure or any other authority; nor is it intended to alter any burden of proof regarding any assertion of privilege. This stipulated protective order permits, but does not require, the defendants to produce Protected Material.

Nothing in this stipulated protective order shall prohibit a party from seeking further protection against disclosure of Protected Material.

Nothing in this stipulated protective order constitutes a waiver of any party's right to seek a Court order permitting the future use and/or production of unredacted copies of the Protected Material.

Nothing in this stipulated protective order constitutes a waiver of the defendants' right to use, disclose, or disseminate the Protected Material in accordance with the Privacy Act, any applicable statutes or regulations, or Federal Bureau of Prisons policies.

Neither the United States Department of Justice, including the Federal Bureau of Prisons and the United States Attorney's Office, nor any of its officers, agents, employees, or attorneys, shall bear any responsibility or liability for any disclosure of any Protected Material obtained by the parties under this stipulated protective order, or of any information contained in Protected Material.

This stipulated protective order does not constitute a ruling on whether any particular document or category of information is properly discoverable or admissible and does not constitute a ruling on any potential objection. Other than the documents and information explicitly set forth herein, this stipulated protective order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this stipulated protective order shall not be precedent for adopting any procedure with respect to the disclosure of any other information.

Dated: 7/21, 2015

_____
Honorable Charles F. Eick
United States Magistrate Judge

Presented by:

KAYE, McLANE,
BEDNARSKI & LITT, LLP

/s/ David S. McLane
Barrett S. Litt
David S. McLane

KAIRYS, RUDOVSKY,
MESSING & FEINBERG
LLP

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg

*Attorneys for Plaintiffs*

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

/s/ Garrett Coyle
KEITH M. STAUB
GARRETT COYLE
Assistant United States Attorneys

*Attorneys for Defendants*

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **James Davis Bennett**, <br><br> Plaintiff, <br><br> — v. — <br><br> **Jaspal Dhaliwal, MD; Richard Gross, MD; Annabel Rivera, MLP; Vincente Tejada, MLP; E. Casino, MLP; Marsha Pinnell, RN; and Does 1–10**, <br><br> Defendants. | No. 14-cv-4697 RGK (Ex) <br><br> **Agreement To Be Bound By Protective Order** <br><br> Honorable R. Gary Klausner <br> United States District Judge |
| **James Davis Bennett** and **Pamela Bennett**, <br><br> Plaintiffs, <br><br> — v. — <br><br> **United States of America**, <br><br> Defendant. | No. 15-cv-1923 RGK (Ex) <br><br> Honorable R. Gary Klausner <br> United States District Judge |

The undersigned, having read and fully understood the terms of the protective order entered by the Court in the above-captioned cases, hereby agrees to be bound thereby. The undersigned agrees that Protected Material, as defined in the joint stipulation for protective order, may be used only in these cases and not for any other purpose. The undersigned agrees not to disseminate or disclose Protected Material or the contents thereof.

Dated: _____, 2015      _____
                                                                    Name

                                                                    _____
                                                                    Signature